## FORGOTSTON v. McKEON.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

1. SUIT TO FORECLOSE MORTGAGE—SUFFICIENCY OF ANSWER.

　　Where the only contract set up in a complaint to foreclose a mortgage given to secure a guaranty of notes was to guaranty two specified notes, an answer not alleging the making of any other contract, but averring that defendant was damaged by plaintiff's failure to guaranty other notes, does not state a defense.

2. USURY—CONTRACT TO GUARANTY NOTES.

　　A contract to guaranty payment of notes is not usurious, though the consideration is more than 6 per cent. per annum on the amount of the guaranty, if the transaction was not made to cover a usurious loan.

3. SAME—PLEADING.

　　An answer attempting to set up usury must allege a loan.

Appeal from special term, New York county.

Action by Etta Forgotston against Matthew J. McKeon. From an interlocutory judgment overruling a demurrer to the first and second separate defenses, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

James C. De La Mare, for appellant.

RUMSEY, J. The action was brought to foreclose a mortgage. The plaintiff alleged substantially the making of the mortgage

which is set out in full by the defendant, McKeon. The mortgage recites that McKeon, the party of the first part, has requested the plaintiff, the party of the second part, to indorse and guaranty two certain notes to enable the party of the first part to have the same discounted by the Mt. Morris Bank of the city of New York; and the party of the second part has agreed to indorse and guaranty those notes, and may hereafter indorse and guaranty other notes, and it is given to secure all notes indorsed and guarantied by the plaintiff in the amount of $5,000, and no more. The complaint then contains allegations that the plaintiff, at the request of the defendant, did indorse and guaranty five promissory notes for him, made to his own order, which are set out in the complaint. Then follows an allegation that each of said notes was discounted for the defendant McKeon by the Mt. Morris Bank of New York, upon the faith of the plaintiff's indorsement, and that the notes were not paid at maturity, and the plaintiff was obliged to take them up, and did pay the amount to the Mt. Morris Bank, and now holds the notes.

The first separate defense is substantially that the plaintiff refused and neglected to comply with the provisions of the agreement set forth in the complaint, by refusing and neglecting to guaranty and discount certain notes of the defendant to the amount of $2,300, which would have made, with the notes guarantied and discounted, the sum of $5,000, according to the terms and provisions of the agreement set forth in the complaint, on account of which refusal and neglect this defendant was seriously damaged and prevented from meeting his obligations to the plaintiff already incurred, as set forth in the complaint. No attention seems to have been paid at the special term to the demurrer to this defense. It seems to us clearly that it was well taken. The only contract set out in the complaint was an agreement to indorse two notes which the plaintiff alleges were indorsed by the defendant. This is not denied in the defense referred to, and no other agreement is set out. The separate defense alleges that the plaintiff refused to perform the agreement by guarantying and discounting notes to the amount of $2,300; but reading the complaint and defense together, as we are bound to do, we can find no such agreement alleged, and for that reason there is no foundation for the charge that the refusal to discount notes to the amount of $2,300 amounted to a breach of any contract at all. For this reason, without mentioning others which might be suggested, this defense was not sufficient in law.

The second separate defense which is also demurred to denies none of the allegations of the complaint. Therefore everything that is stated in the complaint, being admitted, must be read into that defense, and taken as an established fact in its construction. The contract alleged in the complaint is a sale by the plaintiff of her credit to the defendant. Such a sale can never be void for usury, at whatever price it may be made, unless it can be seen that it is intended as a cover for a usurious loan of money. Elwell v. Chamberlin, 31 N. Y. 611, 617; More v. Howland, 4 Denio, 264. Any person is at liberty to sell his credit at whatever price he can get for it, precisely as he is at liberty to sell any other property which he may

have. The allegation in the defense now considered is that the notes mentioned in the complaint were made and delivered to the plaintiff upon the usurious agreement between the defendant and the plaintiff that the defendant should pay to the plaintiff, and the plaintiff should reserve and secure to herself, for the loan of the amount mentioned in each note, a greater sum than at the rate of 6 per cent. per annum, and that the plaintiff did reserve and secure to herself, for the loan of the sum mentioned in each particular note, an amount which is specially stated as to each note. This amounts clearly to an attempt to set up that there was a usurious transaction in regard to these matters between the plaintiff and the defendant, but the trouble with the defendant's case is that no allegation of a loan is made in the answer. The allegation of the complaint that the transaction was a sale of the plaintiff's credit, and that the money advanced to the defendant was lent to him by the Mt. Morris Bank, is admitted by the answer, and that admission raises a necessary inference that there was no loan of money by the plaintiff to McKeon. If there is no loan, there can be no borrowing; and, if there is no borrowing or borrower, there, clearly, can be no usury. Kitchel v. Schenck, 29 N. Y. 515, 27 Am. & Eng. Enc. Law, 920. If the transaction is what is set out in the complaint, and that is admitted, it is not possible that there should be, as between the plaintiff and McKeon, any usury in it. The answer is clearly defective in failing to state any facts which go to show that the transaction set out in this defense is any different from the transaction set out in the complaint, and for that reason the demurrer to this defense also should have been sustained.

The judgment must be reversed, with costs, and leave given to the defendant to withdraw his answer, and serve a new answer, on the payment of the costs in this court and in the court below. All concur.