C. LORENZ SCHAICH, Plaintiff, *v.* FRANK AVITABILE and Others, Defendants.

Supreme Court, Monroe County, April 29, 1931.

*Raymond H. Arnot,* for the plaintiff.

*Backus & Backus,* for the defendant Georgian Bay Lumber Company, Inc.

*Johnson & Searle,* for the defendant Martin Van Dussen.

*Frederick Wiedman* for the defendant American Clay and Cement Corporation.

RODENBECK, J. There is no evidence of usury in this case. The plaintiff sold his credit, which he had a right to do. (*Kitchel v. Schenck,* 29 N. Y. 515; *Forgotston v. McKeon,* 14 App. Div. 342.) There appears to be no collusion between him and the bank or broker involved. There was no loan made by the plaintiff. The transaction is not a cover for a usurious loan.

The transaction was not a building loan contract. The plaintiff made no loan and he had no building contract with defendants Avitabile. The reference in the mortgages to the use of the funds was unnecessary so far as the statutes are concerned, and was inserted for the protection of plaintiff's indorsement. The language of the mortgages shows that the mortgages were designed as indemnity for the plaintiff, in case he was obliged to take up the notes which he had indorsed. (Gen. Bus. Law, § 371; Lien Law,

§§ 13, 22, as amd. by Laws of 1930, chap. 859; *Weaver Hardware Co.* v. *Solomovitz*, 235 N. Y. 321, 335.)

The lien of the mortgages is superior to the mechanics' liens, and the plaintiff is entitled to a judgment of foreclosure, with costs.

So ordered.